**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BRIAN G. ARNOLD, SB#186007
Brian.Arnold@lewisbrisbois.com
JONATHAN S. PINK, SB#179685
Jonathan.Pink@lewisbrisbois.com
LAWRENCE R. LAPORTE, SB#130003
Lawrence.LaPorte@lewisbrisbois.com
ESTHER Y. SHIN, SB#324049
Esther.Shin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
Attorneys for Plaintiff
HYPER ICE, INC.

**RENNER OTTO**
Mark C. Johnson (Pro Hac Vice)
mjohnson@rennerotto.com
Kyle B. Fleming (Bar No. 166386)
kfleming@rennerotto.com
Sarah L. Boone (Pro Hac Vice)
sboone@rennerotto.com
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
T: 216.621.1113
F: 216.621.6165
**JEFFER MANGELS BUTLER & MITCHELL LLP**
Gregory Cordrey (Bar No. 190144)
gcordrey@jmbm.com
Joseph J. Mellema (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 623-7200
Facsimile: (949) 623-7202
Attorneys For Defendant
MerchSource, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MERCHSOURCE, LLC., a Delaware limited liability company, <br><br> Defendant. | CASE NO. 8:21-cv-01133-JVS-ADS <br><br> **[PROPOSED] PROTECTIVE ORDER** <br><br> Trial Date:  None Set |

4835-1737-8557.2

1

2   1.    A.    <u>PURPOSES AND LIMITATIONS</u>

3        Disclosure and discovery activity in this action are likely to involve

4   production of confidential, proprietary, or private information for which special

5   protection from public disclosure and from use for any purpose other than

6   prosecuting this litigation may be warranted. Accordingly, the parties hereby

7   stipulate to and petition the Court to enter the following Stipulated Protective Order.

8   The parties further acknowledge that this Stipulated Protective Order does not

9   entitle them to file confidential information under seal; Civil Local Rule 79-5 sets

10   forth the procedures that must be followed and the standards that will be applied

11   when a party seeks permission from the Curt to file material under seal.

12        B.    <u>GOOD CAUSE STATEMENT</u>

13        This action is likely to involve trade secrets, customer and pricing lists and

14   other valuable research, development, commercial, financial, technical and/or

15   proprietary information for which special protection from public disclosure and

16   from use for any purpose other than prosecution of this action is warranted. Such

17   confidential and proprietary materials and information consist of, among other

18   things, confidential business or financial information, information regarding

19   confidential business practices, or other confidential research, development, or

20   commercial information (including information implicating privacy rights of third

21   parties), information otherwise generally unavailable to the public, or which may be

22   privileged or otherwise protected from disclosure under state or federal statutes,

23   court rules, case decisions, or common law. Accordingly, to expedite the flow of

24   information, to facilitate the prompt resolution of disputes over confidentiality of

25   discovery materials, to adequately protect information the parties are entitled to keep

26   confidential, to ensure that the parties are permitted reasonable necessary uses of

27   such material in preparation for and in the conduct of trial, to address their handling

28   at the end of the litigation, and serve the ends of justice, a protective order for such

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

1

[PROPOSED] PROTECTIVE ORDER

1  information is justified in this matter. It is the intent of the parties that information

2  will not be designated as confidential for tactical reasons and that nothing be so

3  designated without a good faith belief that it has been maintained in a confidential,

4  non-public manner, and there is good cause why it should not be part of the public

5  record of this case.

6  2.      DEFINITIONS

7        2.1      Challenging Party:  a Party or Non-Party that challenges the

8  designation of information or items under this Order.

9        2.2      "CONFIDENTIAL" Information or Items:  information (regardless of

10  how it is generated, stored or maintained) or tangible things that qualify for

11  protection under Federal Rule of Civil Procedure 26(c).

12        2.3      Counsel (without qualifier):  Outside Counsel of Record and House

13  Counsel (as well as their support staff).

14        2.4      Designating Party:  a Party or Non-Party that designates information or

15  items that it produces in disclosures or in responses to discovery as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY."

18        2.5      Disclosure or Discovery Material:  all items or information, regardless

19  of the medium or manner in which it is generated, stored, or maintained (including,

20  among other things, testimony, transcripts, and tangible things), that are produced or

21  generated in disclosures or responses to discovery in this matter.

22        2.6      Expert:  a person with specialized knowledge or experience in a matter

23  pertinent to the litigation who has been retained by a Party or its counsel to serve as

24  an expert witness or as a consultant in this action.

25        2.7      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26  Information or Items: sensitive CONFIDENTIAL Information or Items, the

27  disclosure of which to another Party or Non-Party would create a substantial risk of

28  harm that could not be avoided by less restrictive means.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

2

[PROPOSED] PROTECTIVE ORDER

1    2.8    House Counsel:  attorneys who are employees of a party to this action.
2  House Counsel does not include Outside Counsel of Record or any other outside
3  counsel.

4    2.8    Non-Party:  any natural person, partnership, corporation, association, or
5  other legal entity not named as a Party to this action.

6    2.9    Outside Counsel of Record:  attorneys who are not employees of a
7  party to this action but are retained to represent or advise a party to this action and
8  have appeared in this action on behalf of that party or are affiliated with a law firm
9  which has appeared on behalf of that party.

10    2.10    Party:  any party to this action, including all of its officers, directors,
11  employees, consultants, retained experts, and Outside Counsel of Record (and their
12  support staffs).

13    2.11    Producing Party:  a Party or Non-Party that produces Disclosure or
14  Discovery Material in this action.

15    2.12    Professional Vendors:  persons or entities that provide litigation
16  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
17  demonstrations, and organizing, storing, or retrieving data in any form or medium)
18  and their employees and subcontractors.

19    2.13    Protected Material:  any Disclosure or Discovery Material that is
20  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21  ATTORNEYS' EYES ONLY (with or without "PROSECUTION BAR" sub-
22  designation)"

23    2.14    Receiving Party:  a Party that receives Disclosure or Discovery
24  Material from a Producing Party.

25  3.    SCOPE
26        The protections conferred by this Stipulation and Order cover not only
27  Protected Material (as defined above), but also (1) any information copied or
28  extracted from Protected Material; (2) all copies, excerpts, summaries, or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (e.g., by making appropriate markings in the margins) to indicate Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to indicate Protected Material.

(b)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

5

[PROPOSED] PROTECTIVE ORDER

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file a motion with the Court challenging the disputed confidentiality designation. Each such motion must be accompanied by a competent declaration affirming that the movant has complied

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

6

[PROPOSED] PROTECTIVE ORDER

with the meet and confer requirements imposed in the preceding paragraph. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Under no circumstances shall the Protected Material that is disclosed in connection with this case be used for the purpose of broadening the scope of any patent claims in any issued, pending or future filed patent application. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

7

[PROPOSED] PROTECTIVE ORDER

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   reasonably necessary to disclose the information for this litigation;

2        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

3   necessary for this litigation, and (2) who have signed the "Acknowledgment

4   and Agreement to Be Bound" (Exhibit A);

5        (c) the court and its personnel;

6        (d) court reporters and their staff, professional jury or trial consultants,

7   and Professional Vendors to whom disclosure is reasonably necessary for this

8   litigation; and

9        (e) the author or recipient of a document containing the information or

10   a custodian.

11   8.   <u>PROSECUTION BAR</u>

12        Absent written consent from the Producing Party, any individual who receives

13   access to information with the sub-designation "HIGHLY CONFIDENTIAL –

14   ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not be involved in the

15   prosecution of patents or patent applications relating to massage products, including

16   without limitation the patents asserted in this action and any patent or application

17   claiming priority to or otherwise related to the patents asserted in this action, before

18   any foreign or domestic agency, including the United States Patent and Trademark

19   Office, for a period of two (2) years following the entry of a final, non-appealable

20   judgment or order or the complete settlement of all claims against all Parties in this

21   action. For purposes of this paragraph, "prosecution" includes directly or indirectly

22   drafting, amending, advising, or otherwise affecting the scope or maintenance of

23   patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not

24   include representing a party challenging a patent.

25   9.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

26   <u>IN OTHER LITIGATION</u>

27        If a Party is served with a subpoena or a court order issued in other litigation

28   that compels disclosure of any information or items designated in this action as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4835-1737-8557.2

9

[PROPOSED] PROTECTIVE ORDER

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

> (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

> (3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
<u>PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be agreed upon or established in an e-discovery order that provides for production without prior privilege review.

13.     <u>MISCELLANEOUS</u>

13.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A  Party that seeks to  file  under  seal any Protected Material must comply with Civil Local Rule 79-5.

14.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Protected Material is returned or destroyed, the Receiving Party must submit a

2  written certification to the Producing Party (and, if not the same person or entity, to

3  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

4  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

5  that the Receiving Party has not retained any copies, abstracts, compilations,

6  summaries or any other format reproducing or capturing any of the Protected

7  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

8  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

9  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

10  work product, and consultant and expert work product, even if such materials

11  contain Protected Material. Any such archival copies that contain or constitute

12  Protected Material remain subject to this Protective Order as set forth in Section 4

13  (DURATION).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

2

3                                  Respectfully submitted,

4

5   DATED: October 7, 2021         LEWIS BRISBOIS BISGAARD
                                    & SMITH LLP
6
                                    By:   */s/ Brian G. Arnold*
7                                   _____
                                         Brian G. Arnold
8                                        Jonathan S. Pink
                                         Lawrence R. LaPorte
9                                        Esther Y. Shin
10                                       Attorneys for Plaintiff
                                         HYPER ICE, INC.
11

12

13  DATED: October 7, 2021         RENNER OTTO

14                                  By:   */s/ Mark C. Johnson*
                                    _____
15                                       Mark C. Johnson
                                         Kyle B. Fleming
16                                       Sarah L. Boone
                                         Gregory Cordrey
17                                       Joseph J. Mellema
                                         Attorneys for Defendant
18                                       MerchSource, LLC
19

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23  DATED: _____   _____

24                                  United States District Judge

25

26

27

28

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Hyper Ice, Inc. v. MerchSource, LLC* in the United States District Court for the Central District of California, Case No. 8:21-cv-01133-JVS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

Printed name: _____

                    [printed name]

Signature: _____

[signature]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW