**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BRIAN G. ARNOLD, SB#186007
Brian.Arnold@lewisbrisbois.com
JONATHAN S. PINK, SB#179685
Jonathan.Pink@lewisbrisbois.com
LAWRENCE R. LAPORTE, SB#130003
Lawrence.LaPorte@lewisbrisbois.com
ESTHER Y. SHIN, SB#324049
Esther.Shin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
Attorneys for Plaintiff
HYPER ICE, INC.

**RENNER OTTO**
Mark C. Johnson (Pro Hac Vice)
mjohnson@rennerotto.com
Kyle B. Fleming (Bar No. 166386)
kfleming@rennerotto.com
Sarah L. Boone (Pro Hac Vice Pending)
sboone@rennerotto.com
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
T: 216.621.1113
F: 216.621.6165

**JEFFER MANGELS BUTLER & MITCHELL LLP**
Gregory Cordrey (Bar No. 190144)
gcordrey@jmbm.com
Joseph J. Mellema (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 623-7200
Facsimile: (949) 623-7202
Attorneys For Defendant
MerchSource, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERCHSOURCE, LLC., a Delaware limited liability company,<br><br>Defendant. | CASE NO. 8:21-cv-01133-JVS-ADS<br><br>**JOINT SETTLEMENT REPORT**<br><br>Trial Date:   Nov. 15, 2022 |

4833-4157-2599.4

Plaintiff Hyper Ice, Inc. ("Hyperice") and defendant MerchSource, LLC ("MerchSource") submit this Joint Settlement Report.

I.    **Hyperice's Statement**

Counsel for Hyperice and counsel for MerchSource have engaged in multiple settlement discussions, and have exchanged various settlement proposals, from the time Hyperice filed the Complaint to the present. Hyperice believed that the parties were close to settlement at various stages, but the parties' positions have recently diverged. Hyperice welcomes the opportunity to mediate this dispute with the assigned Magistrate Judge or a Panel Mediator.

Hyperice does not think that providing additional details regarding settlement discussions in this pleading will bring the parties closer to settlement; however, because MerchSource has demanded to include additional details, Hyperice will provide its side of the story.

Hyperice brought this lawsuit after learning that MerchSource was directly infringing Hyperice's U.S. Patent No. 10,912,708 ("the '708 Patent") by selling, offering for sale, and/or importing the Sharper Image Powerboost device. The following illustrates the Sharper Image Powerboost and Hyperice's patented Hypervolt Plus Product:

 

MerchSource has not provided any legitimate non-infringement position with respect to the original Powerboost Massager. MerchSource continued to sell the infringing device for months after learning about Hyperice's '708 patent, and Hyperice intends to seek damages at trial in excess of $2 million. Hyperice has already reached settlements with numerous additional infringers with respect to the '708 patent. Unfortunately, it appears that a settlement with MerchSource is no longer very close.

Efforts to resolve this dispute have been frustrating for Hyperice. Hyperice made an extremely reasonable settlement demand several months ago – for well less than the cost of litigation – and MerchSource took several months to respond. When it finally responded, MerchSource's offer included terms that far exceeded the scope of the instant litigation. Hyperice quickly countered MerchSource's offer, with terms limited to the instant litigation and MerchSource's recently-filed IPR. Hyperice's offer provided MerchSource with all of the relief that it could reasonably expect to receive even if it prevailed in this lawsuit, and yet MerchSource again countered with terms far exceeding the scope of the instant litigation, and with a monetary amount far less than originally offered. Hyperice has, therefore, concluded that MerchSource is not likely interested in settling the instant action. Nevertheless, Hyperice remains willing to mediate the dispute, with the hopes that a mediator could help the parties bridge the gap.

## II. MerchSource's Statement

MerchSource recently filed a motion to stay these proceedings pending resolution of MerchSource's petition for *inter partes* review of the '708 patent. MerchSource would welcome an opportunity to mediate while its motion is pending, or during a stay of proceedings.

Efforts to resolve this dispute have been frustrating for MerchSource. In early 2021, MerchSource discovered plaintiff had a pending application with claims that

might be relevant to its massage gun products. MerchSource believed its current products did not infringe, but immediately made modifications to its products to further differentiate from the inventions claimed in what later issued as plaintiff's '708 patent. MerchSource had redesigned its product before the '708 patent issued and plaintiff gave MerchSource notice of alleged infringement, but MerchSource still had relatively small amount of inventory of its original, still non-infringing design, to sell through.

Plaintiff's sued MerchSource based on alleged infringement for activity involving MerchSource's original product, and plaintiff's contentions identified features that existed only in MerchSource's original product. MerchSource engaged in settlement discussions with plaintiff based on the sales of its remaining inventory of original product. However, absent clarity from Hyperice regarding MerchSource's redesigned product, which was not part of Hyperice's infringement contentions, MerchSource was unable to negotiate a settlement for alleged infringement of the '708 patent.

In an effort to advance settlement negotiations, on October 19, 2021, MerchSource provided plaintiff with a schematic showing key functional differences between the accused product and the redesigned product, and inquired whether Hyperice would assert infringement over a product having such a design. After multiple follow up emails, plaintiff finally responded to MerchSource's inquiry on November 10, indicating that, with reference to a redesigned version of MerchSource's original product, having only the changes disclosed in the provided schematic, plaintiff "would contend that the device infringed the patent-in-suit." Notably, prior to November 10, 2021 the parties had not exchanged any discovery requests. Plaintiff served its first set of discovery requests on November 10, 2021, explaining that they were limited to sales and profit information:

> These discovery requests are narrowly tailored and focused exclusively on damages. Although settlement discussions are ongoing, Hyperice is serving this discovery now because requires MerchSource's responses

in order to provide Hyperice's damages contentions, which are due on Dec. 24, 2021.

MerchSource believed, or at least hoped, that plaintiff's contention regarding alleged infringement of the redesigned product was based on a misunderstanding of the schematic. Accordingly, MerchSource engaged plaintiff's counsel and offered to provide samples of its unaccused, redesigned products for Hyperice's inspection, and counsel received those samples on December 1. On December 9, 2021 plaintiff's counsel indicated that plaintiff would not pursue infringement claims relating to MerchSource's redesigned product.

Having finally achieved clarity regarding its redesigned product, and having previously received an offer from plaintiff to settle regarding the sell-through sales of the original design, MerchSource believed settlement was imminent. Within hours, the parties agreed to postpone the exchange of claim constructions, plaintiff's damages contentions, and MerchSource's responses to plaintiffs first sets (damages contention sets) of interrogatories and documents requests. That same day, plaintiff's counsel indicated it would provide a proposed settlement agreement. Unfortunately, MerchSource never received the agreement promised by plaintiff.

Four days later, without any intermediate communication, plaintiff suddenly rescinded its prior settlement offer and indicated it would "send a draft settlement agreement with a revised demand." However, as described below, it would be almost two months before MerchSource received a revised demand.

Plaintiff's tactics MerchSource to begin preparing its defenses. Primary amongst those defenses was MerchSource's challenge to patentability of the claims of the '708 patent via a petition for *inter partes* review. By late December, MerchSource had determined that plaintiff's settlement-related activity was a ruse designed to prevent MerchSource from actively pursuing its defenses. On December 28, 2021, MerchSource informed plaintiff that while it would welcome a settlement offer from plaintiff, MerchSource was forced to focus its resources on its planned

IPR petition. MerchSource then devoted significant resources to preparing its now-filed petition for *inter partes* review.

On January 13, 2022, after further settlement inquiries by MerchSource, MerchSource notified plaintiff that the opportunity for settlement was waning:

> Given Hyperice's positional change, MerchSource began preparing a petition for *inter partes* review. MerchSource intends to file the petition if the dispute is not resolved very quickly. Please provide Hyperice's proposal for settlement no later than close of business tomorrow, January 14, 2022. MerchSource cannot continue to delay filing the IPR petition, and resources that could be committed to a settlement soon will be diverted to the IPR.

Counsel connected for a phone call soon thereafter, during which plaintiff's counsel requested that MerchSource provide an offer for plaintiff to consider. On January 14, 2022, MerchSource did just that. On January 18, 2022, plaintiff's counsel indicated "I expect I'll have a response in the next couple of days." By January 25, 2022, plaintiff still had not responded to MerchSource's offer, and MerchSource expressed its disappointment with plaintiff's silence.

On January 28, 2022, MerchSource wrote plaintiff's counsel and stated that MerchSource intended to file its petition by Monday, January 31, 2022 unless the parties are very close to finalizing settlement. Also on January 28, 2022, plaintiff's counsel responded that "Hyperice will have a response for you by Monday." On January 31, 2022, MerchSource followed up with plaintiff's counsel, who responded, "Hoping to get you something very soon." On February 1, 2022, MerchSource reached out one last time, informing Hyperice that it would file its petition for *inter partes* review on February 2, 2022 absent a response from Hyperice. Hyperice never responded, and MerchSource filed its petition.

On February 3, 2022 MerchSource began attempting to work with Hyperice regarding its proposed motion to stay pending resolution of the IPR proceedings. Hyperice did not promptly respond to MerchSource's inquiry.

During the afternoon of Friday, February 11, 2022, after MerchSource was forced to prepare and file its IPR petition, plaintiff by phone call provided basic terms of a proposed settlement. MerchSource followed up by email to confirm the proposed terms.

On Monday, February 14, 2022, MerchSource countered plaintiff's offer. MerchSource's counter included essential monetary and non-monetary terms. MerchSource also followed up regarding the stay pending resolution of the IPR. Plaintiff's counsel responded with the following:

> If we were closer to reaching a settlement, Hyperice would likely agree to the stay. However, based on your settlement-related email today, a settlement appears unlikely. Hyperice intends to oppose MerchSource's motion to stay.

In a last-ditch effort to resolve the dispute, MerchSource sent a final settlement communication on February 15, 2022 to Hyperice regarding settlement, stating in part:

> Given the relatively small monetary gap (at least for a patent dispute) and settlement conference timeline proposed in your email today, I believe it is worth attempting to schedule a party settlement conference. I have raised this possibility with MerchSource and [MerchSource representative] (who has authority to settle) has indicated he could be available as soon as tomorrow if Hyperice is interested. Of course, any such discussion would require specificity from Hyperice regarding what terms are acceptable and what gap remains to be closed.

Hyperice never responded.

| | | |
|---|---|---|
| 1 | DATED: February 18, 2022 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 2 | | |
| 3 | | By:  /s/ Brian G. Arnold |
| | | Brian G. Arnold |
| 4 | | Jonathan S. Pink |
| 5 | | Lawrence R. LaPorte |
| | | Esther Y. Shin |
| 6 | | Attorneys for Plaintiff |
| 7 | | HYPER ICE, INC. |
| 8 | | |
| 9 | DATED: February 18, 2022 | RENNER OTTO |
| 10 | | By:  /s/ Mark C. Johnson |
| | | Mark C. Johnson |
| 11 | | Kyle B. Fleming |
| 12 | | Sarah L. Boone |
| 13 | | Attorneys for Defendant |
| | | MERCHSOURCE, LLC |

4833-4157-2599.4

7

JOINT SETTLEMENT REPORT