RENNER OTTO
MARK C. JOHNSON (Pro Hac Vice)
mjohnson@rennerotto.com
KYLE B. FLEMING (Bar No. 166386)
kfleming@rennerotto.com
SARAH L. BOONE (Pro Hac Vice)
sboone@rennerotto.com
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
T: 216.621.1113
F: 216.621.6165

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY CORDREY (Bar No. 190144)
gcordrey@jmbm.com
JOSEPH J. MELLEMA (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

COUNSEL FOR DEFENDANT MERCHSOURCE LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPER ICE, INC.<br><br>Plaintiff,<br><br>v.<br><br>MERCHSOURCE, LLC,<br><br>Defendant. | Case No. 8:21-cv-01133-JVS (ADSx)<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES REVIEW* OF PATENT-IN-SUIT**<br><br>Date: March 14, 2022<br>Time: 1:30 pm<br>Court: 10C<br>Judge: Hon. James V. Selna |

The parties[1] agree that a stay of proceedings is appropriate pending final resolution of MerchSource's petition for *inter partes* review (IPR). The parties disagree, however, on whether the Court should construe the claims of the '708 patent before staying the pending action.

Hyperice does not dispute that claim construction would be moot if the IPR is granted and the asserted claims are invalidated. Nor does Hyperice contend that a ruling from the Court on claim construction would somehow advance the IPR, which Hyperice agrees should proceed while these proceedings are stayed. Instead, Hyperice asks the Court to proceed with claim construction to "simplify the issues in this litigation, potentially bringing the parties closer to settlement." (ECF 34, pp. 1-2.) Proceeding with claim construction in parallel to the IPR would multiply the issues—not simplify them. On the other hand, the IPR may help simplify and inform claim construction proceedings. *Polaris PowerLED Techs., LLC v. TCL Corp.*, No. SACV2000127JVSDFMX, 2020 WL 11710631, at *2 (C.D. Cal. July 24, 2020) ("…the record developed during the IPR may inform the Court on issues such as claim construction.").

Moreover, the Court should decline Hyperice's request to engage in claim construction to "potentially bring[] the parties closer to settlement." (ECF 34, pp. 1-2.) As detailed in MerchSource's statement of the parties' Joint Settlement Report (ECF 33), Hyperice's recent settlement-related activity undermines its suggestion that a claim construction ruling would lead to settlement. Hyperice has <u>never</u>, at any time prior to its opposition brief, suggested that a claim construction ruling would be necessary (or even potentially helpful) to bridge the gap between the parties' respective settlement positions.

A stay order could save the parties from potentially wasting significant resources preparing and filing reply claim construction briefs and then preparing for

---

[1] HyperIce's brief, ECF 34, does not dispute that <u>all</u> relevant factors weigh in favor of a stay.

and presenting argument during a subsequent claim construction hearing.

For the foregoing reasons, MerchSource respectfully requests the Court enter an order staying all activity in this case pending final resolution of the IPR proceeding.

Dated: February 23, 2022

RENNER OTTO

/s/ Mark C. Johnson
Mark C. Johnson

COUNSEL FOR MERCHSOURCE LLC