JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01133-JVS (ADSx) | Date | March 7, 2022 |
| Title | Hyper Ice, Inc. v. MerchSource, LLC | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Stay Case Pending _Inter Partes_ Review [30]**

Defendant MerchSource, LLC ("MerchSource") moves to stay this action pending final resolution of its petition for *Inter Partes* Review ("IPR") challenging the validity of all asserted claims.  Mot., Dkt. 30.  Plaintiff Hyper Ice, Inc. ("Hyper Ice") opposes only one aspect of the requested stay.  Opp'n, Dkt. 34.  Specifically, Hyper Ice requests that this Court render a decision regarding claim construction and stay all remaining issues pending final resolution fo MerchSource's petition for IPR.  Id. at 2.  MerchSource replied in support of its motion.  Reply, Dkt. 35.

The Court finds that oral argument is not necessary and **VACATES** the hearing set on MerchSource's motion for March 14, 2022.  See L.R. 7-15.  The Court **GRANTS** the motion for the following reasons.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am., Co., 299 U.S. 248, 254 (1936).  This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination."  Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  In determining whether a stay is appropriate pending PTO reexamination proceedings, courts generally consider three factors:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal.

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01133-JVS (ADSx) | Date | March 7, 2022 |
| Title | Hyper Ice, Inc. v. MerchSource, LLC | | |

2013). But ultimately, "the totality of the circumstances governs." Id. at 1130.

      The Court first considers "the stage of proceedings." See id. at 1031. This case is still in its early stages. Claim construction has not yet taken place, no depositions have been noticed or taken, and expert discovery has not yet begun. Because "there is more work ahead of the parties and the Court than behind," this factor weighs in favor of granting a stay. See Tierravision, Inc. v. Google, Inc., No. CV 11–02170 DMS (BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012).

      Next, the Court considers the second factor related to whether a stay would simplify the issues in question. "[P]articularly where, as here, a defendant is actively involved in the IPR process with respect to all of the asserted claims, simplification is likely." Polaris PowerLED Techs., LLC v. TCL Corp., 2020 WL 11710631, *2 (C.D. Cal. July 24, 2020). Accordingly, this factor similarly weighs in favor of granting a stay.

      Regarding prejudice, the following facts favor granting the stay: (1) MerchSource stopped manufacturing the only allegedly infringing product before the lawsuit was even filed; (2) Hyper Ice had the opportunity to inspect MerchSource's replacement product and does not accuse that product of infringement; (3) HyperIce has not asserted any reason why it may be prejudiced by a stay. Further, a delay alone is not prejudicial. See Wonderland Nursery Goods Co. v. Baby Trend, Inc., No. EDCV-14-01153-VAP-SPx, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (explaining that plaintiffs must state "a specific showing of prejudice beyond the delay necessarily inherent to a stay").

      Hyper Ice concedes that a stay is appropriate, but argues that the Court should first construe the claims of the '708 patent. See Opp'n, Dkt. 34, at 2. Hyper Ice asks the Court to proceed with claim construction to "simplify the issues in this litigation, potentially bringing the parties closer to settlement." Id. at 2–3. MerchSource, on the other hand, asserts that "[p]roceeding with claim construction in parallel to the IPR would multiply the issues" rather than simplify them. Reply, Dkt. 35, at 1. In fact, as MerchSource explains, "the IPR may help simplify and inform claim construction proceedings." Id. (citing Polaris, 2020 WL 11710631, at *2 (explaining that "the record developed during the IPR may inform the Court on issues such as claim construction").

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01133-JVS (ADSx) | Date | March 7, 2022 |
| Title | Hyper Ice, Inc. v. MerchSource, LLC | | |

     Accordingly, the Court finds that a totality of the circumstances support granting this stay. The Court **GRANTS** MerchSource's motion to stay the litigation, including claim construction, pending final resolution of the IPR proceeding.

     **IT IS SO ORDERED.**